UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WILLIAM RANSDELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:15-cv-00084-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Ransdell, a United States Postal Service mail carrier in Lawrenceburg, Kentucky, applied for a promotion but didn't get the job.  He now sues the USPS and Postmaster General Megan Brennan for employment discrimination.  Because of a physical disability, Ransdell must drive his personal vehicle instead of the provided USPS vehicle to deliver mail.  Ransdell alleges he was denied the promotion that he applied for on the basis of that disability.  The Defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment, arguing Ransdell failed to properly exhaust his administrative remedies and is barred from filing this federal lawsuit.  For the reasons explained below, the Court **GRANTS** summary judgment in favor of the Defendants.

**I**

**A**

William Ransdell is a long-time employee of the United States Postal Service ("USPS").[1]

---

[1] Because the Defendants' motion to dismiss will be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56, *see* section I(B), *infra*, the facts set forth in this section are construed

Since May 5, 2001, Ransdell has been employed as a Rural Carrier Associate at the Post Office

in Lawrenceburg, Kentucky.  [R. 1 at ¶ 6; R. 14 at 2.]  Because Mr. Ransdell is medically

restricted from climbing steps, he uses a personal vehicle to deliver mail rather than the provided

Long-Life Vehicle ("LLV") used by other USPS employees.  [R. 1 at ¶¶ 7, 14.]

In December 2012, Ransdell learned that a new mail route, Rural Route 9, was becoming

available.[2]  The Route 9 carrier typically used an LLV to deliver mail, and Ransdell knew his

medical condition would prohibit him from using the LLV vehicle with its steps.  Nevertheless,

Ransdell went ahead and applied for the Route 9 promotion, and he submitted a request to

continue using his personal vehicle if he was in fact awarded the Route 9 bid.  [*Id.* at ¶¶ 8-15.]

Ransdell indicates, and the Postmaster General does not dispute, that he had the necessary

seniority within USPS to be awarded the Route 9 promotion.  However, the promotion was

ultimately given to an individual with less seniority and no driving disability.  [R. 1 at ¶ 16.]

Ransdell alleges disability discrimination based on the USPS's failure to promote him

and failure to accommodate his request to use his personal vehicle on Route 9.  [R. 1; R. 17.]

The USPS and Postmaster General Megan Brennan, who is sued only in her official capacity,

have jointly filed a motion to dismiss or, in the alternative, a motion for summary judgment.  [R.

14.]

**B**

Pursuant to Federal Rule of Civil Procedure 12(d), a Rule 12(b)(6) motion to dismiss

---

in the light most favorable to Mr. Ransdell, the non-movant.  *See, e.g.*, *Tingle v. Arbors at Hilliard*, 692
F.3d 523, 529 (6th Cir. 2012) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
587 (1986)).

[2] Rural Route 9 became available by virtue of another job opening on Rural Route 3.  According to
Ransdell's complaint, the Route 3 bidding process would elevate employees to other routes, which would
ultimately leave Route 9 open.  Ransdell indicates he "bid on Route #3, thereby becoming a candidate for
other jobs that opened as a result, which did include Route #9 and thereby he effectively bid on Route
#9."  [R. 1 at ¶ 11.]

must be treated as a Rule 56 motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The rule goes on to note that, if the motion is converted, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Whether to consider matters outside of the pleadings and to convert a Rule 12(b)(6) motion to a Rule 56 motion is a matter within the district court's discretion. *See, e.g.*, *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997). Moreover, whether a district court is required to provide actual notice to the parties before treating a motion to dismiss as one for summary judgment is determined by the facts and circumstances of each case. *Shelby Cnty. Health Care Corp. v. Southern Council of Ind. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). "Where one party is likely to be surprised by the proceedings, notice is required." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998); *see also Gautner v. Doyle*, 554 F. Supp. 2d 779 (N.D. Ohio 2008) (applying Sixth Circuit case law and converting a Rule 12(b)(6) motion into a Rule 56 motion).

In this case, the Court treats the Defendants' motion as a Rule 56 motion for summary judgment. The dispositive motion is styled as a "motion to dismiss, or in the alternative, motion for summary judgment," and, in the motion, Defendants discussed the standard of review for both Rule 12(b)(6) and Rule 56 motions. [R. 14.] They also attached twenty-five exhibits. Ransdell responded by specifically arguing the motion should not qualify as a motion to dismiss but, instead, be treated as one for summary judgment [*see* R. 17 at 5-6], and Ransdell attached nine exhibits of his own. Thus, both sides have presented the Court with matters outside the pleadings, and the nature of the briefing indicates neither side is likely to be surprised by the Court's decision to resolve the motion pursuant to Rule 56. *See Shelby Cnty. Health Care Corp.*, 203 F.3d at 931; *Salehpour*, 159 F.3d at 204. Further, Mr. Ransdell knew Defendants presented

arguments in favor of summary judgment to the Court, and he even urged the Court to consider Defendants' motion as such.  [R. 17 at 5-6.]  Accordingly, the Court treats the motion as a motion for summary judgment pursuant to Rule 56(c), and actual notice of the conversion is not required.

Under Rule 56, summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Morales v. American Honda Motor Co., Inc.*, 71 F.3d 531, 535 (6th Cir. 1995) (quoting *Liberty Lobby*, 477 U.S. at 255).  Further, the Court must view all facts and draw all reasonable inferences in favor of the nonmoving party.  *See, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II

At the outset, the Court notes that only one of the two Defendants is a proper party to this action.  Ransdell has named both the United States Postal Service as well as Postmaster General Megan Brennan, in her official capacity.  [R. 1.]  The only appropriate defendant in a disability discrimination suit against the USPS is the head of that agency, the Postmaster General.  *See,*

*e.g.*, *Herndon v. Henderson*, 238 F.3d 421, 2000 WL 1827956 (6th Cir. Dec. 7, 2000);

*McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322-23 (7th Cir. 1984).  Accordingly,

Postmaster General Megan Brennan is a proper Defendant, but Ransdell's claims against the

USPS itself should be dismissed.

Whether Ransdell's disability discrimination claim against the Postmaster General can

proceed depends on whether Ransdell properly followed certain administrative requirements.

The United States has waived its sovereign immunity to allow federal employees to sue under

Title VII and the Rehabilitation Act, 29 U.S.C. 791, *et seq.*, so long as a plaintiff satisfies

"rigorous administrative exhaustion requirements and time limitations."  *Brown v. Gen. Servs.*

*Admin.*, 425 U.S. 820, 833 (1976); *see also McFarland v. Henderson*, 307 F.3d 402, 406 (6th

Cir. 2002).  The administrative requirement presently at issue compels a plaintiff to "initiate

contact with a[n] [Equal Employment Opportunity] Counselor within 45 days of the matter

alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective

date of the action."  29 C.F.R. § 1614.105(a)(1); *McFarland*, 307 F.3d at 406.  While a federal

employee's obligation to contact an EEO counselor within that particular time period is generally

"a precondition to filing suit," the deadline is also "subject to equitable tolling, waiver, and

estoppel."  *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003).  Moreover, 29 C.F.R.

§ 1614.105(a)(2) requires a federal agency to extend the forty-five day time limit if a plaintiff

shows that he or she "was not notified of the time limits and was not otherwise aware of them."

*See Harris v. Gonzales*, 488 F.3d 442, 444-45 (D.C. Cir. 2007).

Mr. Ransdell alleges disability discrimination based on the USPS's failure to promote

him to the Route 9 Rural Carrier Association position, which occurred on or around November 4,

5

2013.[3] [R. 1 at ¶ 16.]  Ordinarily, this date would trigger the forty-five day time limitation

described above.  Because Ransdell did not contact the USPS's EEO counselor until February 8,

2014 [*see* R. 14 at 3]—ninety-six days after the alleged failure to promote—the Postmaster

General contends the present federal action must be dismissed as untimely.  Ransdell advances

several theories in an attempt to circumvent that timeframe and save his action from dismissal,

but the Court ultimately finds that summary judgment should be granted in favor of the

Postmaster General.

## A

First, Ransdell contends the Postmaster General has waived her right to challenge the

timeliness of his administrative action, because the USPS did not immediately dismiss his

untimely EEO complaint upon receipt and instead proceeded with an investigation.  Ransdell

claims this behavior "extended" his forty-five day deadline "[b]y default."  [R. 17 at 20.]  The

Sixth Circuit has already rejected this theory in other comparable cases.  In *Horton v. Potter*, the

Sixth Circuit joined five other circuits to hold that an agency does not waive the defense of an

untimely request for EEO counseling simply by receiving and investigating a complaint of

discrimination.  *See* 369 F.3d 906, 911 (6th Cir. 2004).

In Ransdell's case, the USPS ultimately did come to learn that Ransdell's administrative

complaint was untimely: the October 10, 2014, agency decision dismissed the complaint

precisely on that basis.  [R. 14 at 4; R. 14-15.]  But the agency's initial acceptance and

---

[3] While Ransdell's complaint suggests the Route 9 position was awarded to another individual with less seniority on or around November 2, 2013, the Postmaster General indicates that Ransdell listed November 4, 2013, as the date of the alleged discriminatory act in his formal administrative complaint with the EEO. [*Compare* R. 1 at ¶ 16 *with* R. 14 at 3, n. 4.]  November 4 is the date Ransdell received a formal letter from the District Reasonable Accommodation Committee denying his request to use his personal vehicle on Route 9. [R. 14 at 3, n. 3.]  Thus, the Court treats November 4 as the date the failure to promote occurred.

investigation of Ransdell's claims does not prevent the Postmaster General from now

challenging the timeliness of Ransdell's administrative exhaustion attempts.  *Horton*, 369 F.3d at

911.  Accordingly, Ransdell is entitled to no relief based on this argument.

**B**

Ransdell also advances a creative, albeit invalid, theory that his case implicates the Lilly

Ledbetter Fair Pay Act ("FPA").  According to Ransdell's response brief, the USPS's failure to

promote him to Route 9 constitutes a compensation practice under the FPA, which tolls the Title

VII statute of limitations each time wages are paid.  [*See* R. 17 at 8-12.]  While the Sixth Circuit

has not considered this specific argument, other courts have found it meritless.  For example, the

Third Circuit discussed the flaws in a similar theory at length in *Noel v. The Boeing Co.*, 662

F.3d 226 (3d Cir. 2010), concluding the FPA does not apply to failure to promote claims.  The

D.C. Circuit Court, the Tenth Circuit, and various district judges across the country have also

reached the same conclusion.  *See, e.g.*, *Daniels v. United Parcel Serv., Inc.,* 701 F.3d 620, 630-

31 (10th Cir. 2012); *Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 375 (D.C. Cir.

2010); *Almond v. Unified School Dist. No. 501*, 749 F. Supp. 2d 1196 (D. Kan. 2010); *Harris v.

Auxilium Pharma., Inc.*, 664 F. Supp. 2d 711, 744-47 (S.D. Tex. 2009), *vacated in part on other

grounds by Harris v. Auxilium Pharma., Inc.,* No. 4:07-cv-3938, 2010 WL 3817150 (S.D. Tex.

Sept. 28, 2010).

Notably, nothing in Ransdell's complaint suggests his case was initially intended to

actually implicate the FPA.  The complaint never mentions compensation or how Ransdell's

salary may or may not have been affected by the Route 9 promotion.  [*See* R. 1.]  In fact, the

FPA is never referenced at all, and were it not for Ransdell's response brief, the Court would

remain entirely unaware that Ransdell intended to plead anything beyond a standard

7

Rehabilitation Act failure to promote claim. [*See* R. 1 at ¶ 4 ("This action arises out of Plaintiff's

employment with Defendant and Defendant's violations of chapter 29 of the United States Code

at section 701 *et seq.* "Rehabilitation Act" is a federal statute.").] In light of the language of

Ransdell's complaint and the persuasive reasoning of numerous courts holding that failure to

promote claims are distinct from FPA compensation discrimination claims, the Court rejects

Ransdell's FPA arguments.

In the same vein, Ransdell's argument about the USPS's "last discriminatory act" is

unavailing. Ransdell contends the USPS's "last discriminatory act" against him occurred on

either January 30, 2014, or February 28, 2014, two dates relevant to the USPS's decision to pay

certain employees back wages. But neither of these dates are referenced in the complaint [*see* R.

1], and Ransdell offers no legal explanation for why these dates are relevant to his failure to

promote claim. Ransdell's emphasis on the January and February dates appears to be nothing

more than another attempt to force his failure to promote claim into the FPA compensation

discrimination framework. As stated above, such an attempt is inappropriate. The complaint

plainly fails to assert any claims related to compensation discrimination, and Ransdell cannot

assert them now in an attempt to bypass the Postmaster General's summary judgment arguments.

**C**

Ransdell also seeks to circumvent the forty-five day administrative time limitation by

invoking the continuing violation doctrine. But unfortunately for Ransdell, the Sixth Circuit has

already clarified that the doctrine does not apply in a case such as the present one. A continuing

violation occurs when a plaintiff suffers from either "(1) a series of discrete discriminatory acts

that are anchored by at least one such act within the limitations period, or (2) where there has

occurred a longstanding and demonstrable over-arching policy of discrimination." *McFarland v.*

Case: 3:15-cv-00084-GFVT   Doc #: 30   Filed: 03/30/17   Page: 9 of 14 - Page ID#: 314

*Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (internal quotation marks and citation omitted). An employer's wrongful failure to promote is considered a discrete act of discrimination. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "When an employee alleges discrete acts of discrimination or retaliation, the continuing violation doctrine may not be invoked to allow recovery for acts occurring outside the filing period." *Taylor v. Donahoe*, 452 F. App'x 614, 619 (6th Cir. 2011); *see also Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003).

In his response brief, Ransdell references the continuing violation doctrine but does not explain how the doctrine actually applies to his case. The two federal cases Ransdell cites involve either an employee's repeated requests for accommodation or a clear hostile work environment claim. [*See* R. 17 at 13-14]; *McFarland*, 306 F.3d at 408; *Lewis v. Bd. of Tr. of Ala. State Univ.*, 874 F. Supp. 1299, 1304 (M.D. Ala. 1995).[4] Neither case explains how Ransdell's complaint, which emphasizes the USPS's failure to promote him on one discrete occasion, is affected by the continuing violation doctrine. [*See* R. 1.]

Ransdell goes on to argue that the USPS never specifically responded to his reasonable accommodation request, thus implying the forty-five day administrative deadline was never triggered in the first instance. [R. 17 at 14.] But the record does not support Ransdell's assertion. Instead, the record includes a letter dated October 31, 2013, from the USPS Disability Reasonable Accommodation Committee. This letter notified Ransdell that his request for accommodation was denied because he did not provide the appropriate medical documentation. [R. 14-6.] In the end, Ransdell has clearly failed to articulate any persuasive legal arguments

---

[4] Ransdell also relies on a Supreme Court of California decision from 2001, wherein the court analyzed a plaintiff's claims under the California Fair Employment and Housing Act. [R. 17 at 13 (citing *Richards v. CH2M Hill, Inc.*, 29 P.3d 175 (Ca. 2001).] While that case does reference employment discrimination under California state law, it is largely irrelevant in this Eastern District of Kentucky action.

based on the continuing violation doctrine, and this theory, like the others discussed above, falls

short of overcoming the Postmaster General's motion.

**D**

Finally, Ransdell argues he was not aware of the forty-five day deadline to contact an

EEO counselor and, thus, the deadline must be either extended or equitably tolled. Conversely,

the Postmaster General contends Ransdell had sufficient notice of the appropriate procedures and

simply failed to follow them. [R. 25 at 18-20.]

With regard to extending the deadline, Ransdell relies on the language set forth in 29

C.F.R. § 1614.105(a)(2), which states:

> The agency or the Commission shall extend the 45-day time limit in paragraph
> (a)(1) of this section when the individual shows that he or she was not notified of
> the time limits and was not otherwise aware of them, that he or she did not know
> and reasonably should not have known that the discriminatory matter or personnel
> action occurred, that despite due diligence he or she was prevented by
> circumstances beyond his or her control from contacting the counselor within the
> time limits, or for other reasons considered sufficient by the agency or the
> Commission.

29 C.F.R. § 1614.105(a)(2); *Harris*, 488 F.3d at 444; *Johnson v. Cohen*, 6 F. App'x 308 (6th Cir.

2001).

As for equitable tolling, district courts apply equitable tolling "only sparingly" in the

Title VII context for those "compelling cases which justify a departure from established

procedures." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003) (quoting *Irwin v. Dep't of

Veterans Affairs*, 498 U.S. 89, 95 (1990); *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488

(6th Cir. 1989)). To determine whether equitable tolling is appropriate in Mr. Ransdell's case,

the Court considers: (1) whether Ransdell had actual notice of the time restraint; (2) whether he

had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing his

rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of Ransdell's

ignorance of the time constraint. *See, e.g.*, *id.*; *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996).

After a careful review of all of the evidence the Court concludes summary judgment in favor of the Postmaster General is appropriate. The record demonstrates that Ransdell is not entitled to an extension of the forty-five day deadline under 29 C.F.R. § 1614.105(a)(2) or as a result of equitable tolling. First, there is significant evidence that Mr. Ransdell saw, or could have learned about the forty-five day deadline to contact an EEO counselor by viewing a particular poster giving notice of such—specifically, EEO Poster 72 titled "Equal Opportunity Employment is the Law." A plaintiff who is employed at a facility where the requisite EEO poster is appropriately posted is considered to be on constructive notice of the time limitation to file suit. *See, e.g.*, *Montgomery v. Frank*, 796 F. Supp. 1062, 1066-67 (E.D. Mich. 1992) (citing *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984)).

Ransdell argues he received no actual or constructive notice from the EEO poster, but the Postmaster General contends otherwise. In support of his position, Ransdell presents an affidavit of fellow Lawrenceburg Post Office employee Terri Murphy, who states that in February 2014, the relevant EEO poster was not obviously displayed but was instead tacked underneath two different posters out of view.[5] [*See* R. 17-9.] The Postmaster General, on the other hand, submitted a number of affidavits which demonstrate Ransdell had numerous opportunities to observe the relevant poster over a period of several years. Regina Graham, a prior Postmaster at the Lawrenceburg Post Office, claims to have seen the EEO poster properly displayed on numerous occasions from 2012 to 2014. [R. 14-24.] Ronald Johnson, an Eastern Area Disability

---

[5] In his response brief, Ransdell spends some time discussing how he himself diligently reviewed the relevant bulletin board but never saw a poster about the forty-five day deadline. [R. 17 at 16-17.] This assertion, however, is not supported by an affidavit or backed up by other proof in the record. Mr. Ransdell's affidavit at Docket Entry 17-3 remains silent on the bulletin board issue.

11

Compliance Specialist, testifies that he personally saw the EEO poster displayed on the far left side of the Lawrenceburg Post Office bulletin board "sometime around 2012." [R. 14-25.]  And two additional affidavits from employees of other Post Offices at which Mr. Ransdell was employed before Lawrenceburg state that EEO Poster 72 was prominently displayed at those locations throughout Ransdell's employment.  [R. 25-1; R. 25-2.]

As noted above, a plaintiff who is employed at a facility where the relevant EEO poster is displayed is considered to be on constructive notice of the forty-five day deadline. *See, e.g.*, *Montgomery*, 796 F. Supp. at 1066-67.  While the affidavit from Terri Murphy casts some doubt on whether the instructive poster was appropriately displayed at the exact time the alleged discriminatory act against Mr. Ransdell occurred, the four affidavits submitted by the Postmaster General demonstrate that Ransdell had numerous opportunities to view the relevant poster throughout his tenure of employment with the Post Office.  Those four affidavits suggest Ransdell had constructive, if not also actual, notice of the forty-five day deadline.

Moreover, the Postmaster General has also submitted evidence that Ransdell participated in a training program on "EEO Rights and Remedies" on June 6, 2006.  [R. 14-21.]  While the record does not specifically contain evidence of the actual contents or subject matter covered during the June 6 training session, it is safe to assume that a presentation entitled "EEO Rights and Remedies (No Fear Act)" would include some notice of the forty-five day deadline, or at least an emphasis on the importance of checking the EEO posters displayed on Post Office bulletin boards.

Finally, the record suggests Ransdell was represented by an attorney during the relevant timeframe.  "Constructive knowledge of a time limit will usually be imputed when the plaintiff retains an attorney within the limitations period." *Steiner*, 354 F.3d at 436 (quoting *Weigel v.*

*Baptist Hosp*., 302 F.3d 367, 376 (6th Cir. 2002)).  The record contains a February 2, 2013, letter

from Ransdell to Ms. Regina Graham, which suggests he was represented by an attorney at that

time.  [R. 14-3.]  While the letter was sent a number of months prior to the alleged

discriminatory act, the contents of the letter are directly related to the subject-matter of this case,

indicating Ransdell specifically acquired an attorney to discuss his desired promotion.  [*Id.*]  *See

also Steine*r, 354 F.3d at 436.

Overall, the Court cannot conclude that Mr. Ransdell is entitled to relief under 29 C.F.R.

§ 1614.105(a)(2) or as a result of equitable tolling.  "The Supreme Court has provided examples

of circumstances in which equitable tolling would be justified, such as when a claimant has

received inadequate notice, where a motion for appointment of counsel is pending, where the

court has caused the plaintiff to believe that she had done everything she is required to do, and

when affirmative misconduct by the defendant lulled the plaintiff into inaction.  *Hampton v.

Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003).  None of those circumstances are applicable here.

Further, Ransdell clearly knew of the discriminatory act right away, and there is simply no

sufficient proof that, despite his due diligence, he was prevented by circumstances beyond his

control from timely contacting the EEO counselor.  29 C.F.R. § 1614.105(a)(2).

The Court acknowledges its duty to draw all reasonable inferences in favor of Mr.

Ransdell, but even doing so the evidence submitted by the Postmaster General clearly carries the

day.  Where the record includes evidence that Ransdell worked for years where EEO Poster 72

was properly displayed, that he received specific training on EEO rights and remedies, and that

he was represented by an attorney during the relevant timeframe, the Court finds no basis to

excuse Ransdell from the forty-five day deadline set forth in 29 C.F.R. § 1614.105(a)(1).

Accordingly, this federal action must be dismissed as untimely, and summary judgment in favor

of the Postmaster General is appropriate.

### III

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1.   The Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary

Judgment [R. 14] is **CONSTRUED** as a motion for summary judgment pursuant to Rule 56;

2.   The Defendants' construed motion for summary judgment [R. 14] is **GRANTED**;

3.   The Defendants' Motion for Leave to File Excess Pages [R. 22] is **GRANTED**;

4.   Plaintiff Ransdell's motion for a planning conference [R. 26] is **DENIED AS**

**MOOT**; and

5.   Judgment in favor of Defendants shall be entered contemporaneously herewith.

This the 30th day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge