UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| WILLIAM RANSDELL, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil No. 3:15-cv-00084-GFVT |
| v. | ) | |
| UNITED STATES POSTAL SERVICE, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 30, 2015, William Ransdell sued the United States Postal Service and Postmaster General Megan Brennan for employment discrimination. This Court decided, first, that the USPS was not an appropriate party and should be dismissed. [R. 30 at 4–5.] Next, this Court granted Summary Judgment in favor of the Defendants because Mr. Ransdell did not follow the required administrative procedures. *Id.* at 13–14. Now, Mr. Ransdell has filed a Motion to Alter or Amend this Court's judgment, pursuant to Fed. R. Civ. Pro. 59(e), or in the alternative, Relief from Final Judgment pursuant to Fed. R. Civ. Pro. 60. For the following reasons, Mr. Ransdell's Motion [R. 32] is **DENIED.**

**I**

This Motion stems from the same factual basis as the original Memorandum Opinion & Order [R. 30], and therefore, the facts from that opinion are incorporated here by reference.[1] In

---

[1] In the caption of Mr. Ransdell's Motion, as filed via ECF, Mr. Ransdell indicates he requests relief from Memorandum Opinion & Order [R. 30], Judgment [R. 31], and Order on Motion [R. 29]. The Order [R. 29] denied the Defendants' pending motions to seal. However, Mr. Ransdell's Motion never mentions the Order denying the Motions to Seal, much less explain why relief from such order is appropriate. Therefore, the Court **DENIES** Mr. Ransdell's Motion to Alter as to R. 29.

Mr. Ransdell's Complaint, he alleged disability discrimination based on the USPS's failure to promote him and failure to accommodate his request to use his personal vehicle on Route 9. [R. 1; R. 17.] The United States has waived its sovereign immunity to allow federal employees to sue under Title VII and the Rehabilitation Act, 29 U.S.C. 791, *et seq.*, so long as a plaintiff satisfies "rigorous administrative exhaustion requirements and time limitations." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976); *see also McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002). This Court found, however, that Mr. Ransdell did not satisfy these requirements. [R. 30 at 13–14.] The administrative requirement presently at issue compels a plaintiff to "initiate contact with a[n] [Equal Employment Opportunity] Counselor within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *McFarland*, 307 F.3d at 406. While a federal employee's obligation to contact an EEO counselor within that particular period is generally "a precondition to filing suit," the deadline is also "subject to equitable tolling, waiver, and estoppel." *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003).

Moreover, 29 C.F.R. § 1614.105(a)(2) requires a federal agency to extend the forty-five day time limit if a plaintiff shows that he or she "was not notified of the time limits and was not otherwise aware of them." *See Harris v. Gonzales*, 488 F.3d 442, 444-45 (D.C. Cir. 2007). Because undisputed evidence indicated Mr. Ransdell was employed at a facility where the requisite EEO poster was appropriately posted, he attended a training session on EEO rights, and he was represented by an attorney at the relevant time, this Court considered him to be on constructive notice of the time limitation, and therefore, not eligible for "equitable tolling" of the deadline. [R. 30 at 11.]

Mr. Ransdell now seeks relief under Fed. R. Civ. Pro. 59 and 60, claiming this Court's

opinion contains misrepresentations of facts and errors of law. [R. 32.] Rule 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005). Rule 60(b) allows a court to reconsider a prior final judgment, order, or proceeding in certain proscribed circumstances, such as mistake, excusable neglect, newly discovered evidence, or fraud. The statute includes a catchall category, allowing reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Though granting reconsideration pursuant to Rule 60(b) is a matter within the court's discretion, allowing reconsideration is an exception rather than common practice. A court's power is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Mr. Ransdell's Motion seemingly falls under Rule 60(b)(1), which provides that the "court may relieve a party . . . from a[n] . . . order" for a number of reasons including "mistake, inadvertence, surprise, or excusable neglect," because he argues that the Court made a number of factually incorrect findings that resulted in a mistaken legal conclusion. Fed. R. Civ. P. 60; [*see* R. 32 at 1].

## II

### A

Mr. Ransdell first claims this Court based its decision on the "faulty assumption" that Mr. Ransdell attended a training session in 2006 on EEO rights. [R. 32 at 2.] In the opinion, this Court relied on evidence provided by the Postmaster General that Ransdell had indeed completed such a training program. [R. 30 at 12; R. 14-21.] In his Response, Mr. Ransdell did not refute this evidence, instead exhausting his arguments on the existence of the poster on the bulletin board. [R. 17 at 15–19.] Because the Postmaster General's evidence was not disputed, there was no genuine conflict "in the evidence, with affirmative support on both sides." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).

Now, Mr. Ransdell has submitted an affidavit stating he did not attend the training session. [R. 32-2 at 1.] Having not previously been entered into the record, this is new evidence. A movant may succeed on a motion filed under Rule 59(e) based on new evidence if the evidence was "previously unavailable." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012). Mr. Ransdell's own affidavit cannot be considered "previously unavailable." In order to succeed under Rule 60 based on newly discovered evidence, Mr. Ransdell must demonstrate (1) he exercised due diligence in obtaining the information and (2) the new evidence is material and controlling, such that the new evidence would clearly have produced a different result if presented prior to the original judgment. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). Mr. Ransdell has not met either of these burdens. As this is a statement from Mr. Ransdell himself, with no other evidence to support the statement, this evidence was easily accessible at the time of the original Motion and could have been disclosed in his Response. Furthermore, even if this was "newly discovered," the existence of his own affidavit is not enough to survive a motion for summary judgment. *See Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). Had Mr.

Ransdell introduced this affidavit in his Response, this evidence would still not create a genuine issue of material fact, as he presented no other evidence in addition to his affidavit. Therefore, Mr. Ransdell's argument that the Court relied on misrepresentations of fact to determine he attended the training session are unsubstantiated.

**B**

Next, Mr. Ransdell attacks the Opinion because he provided a copy of the letter to his personal attorney and not the attorney representing him in this matter. [R. 32 at 2.] However, the identity of the attorney is unimportant. Mr. Ransdell does not dispute that he was, in fact, represented by an attorney at the time. "Constructive knowledge of a time limit will usually be imputed when the plaintiff retains an attorney within the limitations period." *Steiner v. Henderson*, 354 F.3d 432, 436 (6th Cir. 2003) (quoting *Weigel v. Baptist Hosp.*, 302 F.3d 367, 376 (6th Cir. 2002)). Even though his attorney was different at the relevant time than his attorney now, he does not dispute that was represented by *an attorney*, as required by *Steiner*. Thus, this determination was not based on any misrepresentation of fact.

**C**

Finally, Mr. Ransdell alleges that the Court based its decision on the misrepresentation that the EEO Poster 72 was properly displayed. [R. 32 at 2.] According to him, the Court improperly relied on evidence concerning the Lawrenceburg Post Office when Mr. Ransdell had in fact spent the majority of his tenure at the Salvisa Post Office. The Court relied on the existence of posters at both locations. The Postmaster General produced affidavits stating that the poster was on display at the Lawrenceburg Post Office [R. 14-24; R. 14-25] and at the Salvisa Post Office [R. 25-1; R. 25-2]. Mr. Ransdell never submitted any evidence contesting the existence of a poster at Salvisa, and thus, there was no genuine conflict "in the evidence, with

affirmative support on both sides." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013). This Court considered both locations, but even if the Salvisa location was the proper inquiry, Mr. Ransdell's statements only confirm that summary judgment was appropriate.

### D

Mr. Ransdell next claims the Court made errors of law in granting summary judgment. As to this argument, Mr. Ransdell first contends this Court wrongfully granted summary judgment because genuine questions of material fact existed. [R. 32 at 3–5.] He believes that the affidavit from Terri Murphy created a question of material fact as to whether the poster was properly posted in the Lawrenceburg Post Office. *Id.* However, even if the affidavit created an issue of fact, the issue arises as to whether the poster was properly posted in February of 2014, not at the time in question. Mr. Ransdell has presented no evidence suggesting the poster was not present between November 4, 2013, when the USPS failed to promote him, and December 19, 2013, when his forty-five day period to contact his EEO counselor had expired. [R. 30 at 5–7.] Furthermore, Mr. Ransdell has not disputed the existence of a poster at the Salvisa Post Office. *Supra* II.A. The Court did not rely solely on the poster at the Lawrenceburg location when granting summary judgment. The Court considered not only the posting of the EEO Poster 72 at the Lawrenceburg Post Office, but also the undisputed that an EEO Poster 72 was displayed at the Salvisa Post Office, the undisputed evidence Mr. Ransdell was represented by an attorney at the time, and the undisputed evidence that he had attended an EEO training session prior to this occurrence. The cumulative undisputed evidence led this Court to determine there was no genuine issue of material fact as to Mr. Ransdell's constructive notice of the requirement to notify his EEO Counselor.

### E

Finally, Mr. Ransdell attempts to re-argue that his case implicates the Lilly Ledbetter Fair Pay Act (FPA). [R. 32 at 6–7.] But a motion to alter or amend is not an opportunity to re-litigate the case. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). He has not provided a clear error of law, newly discovered evidence, an intervening change in law, or the inevitability of manifest injustice that would lead this court to amend or alter the judgment under Rule 59. *See, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Nor has he outlined mistake, excusable neglect, or fraud that would require this Court to reconsider his FPA argument under Rule 60 and overturn a final judgment. *See Blue Diamond Coal Co. v. Trs. Of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Mr. Ransdell merely makes the same arguments now as he made in his Response. [*Compare* R. 17 at 8-12, *with* R. 32 at 6–7.]

Additionally, Mr. Ransdell claims this Court applied the inappropriate standard when rejecting his argument based on back wages, stating that the Court employed the Rule 12 standard when it should have relied on Rule 56. But Mr. Ransdell confuses this Court's reference to his complaint as "employ[ing] a Rule 12 standard." [R. 32 at 7.] In the analysis, the Court merely notes that Mr. Ransdell failed to assert these claims in his complaint, and therefore, he cannot assert them in an effort to circumvent summary judgment.

### III

In considering the totality of these circumstances, equitable tolling was not appropriate in Mr. Ransdell's case. To determine whether to apply equitable tolling, the Court considers: (1) whether Ransdell had actual notice of the time restraint; (2) whether he had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing his rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of Ransdell's ignorance of the time

7

constraint. *See, e.g.*, *id.*; *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996). "The Supreme Court has provided examples of circumstances in which equitable tolling would be justified, such as when a claimant has received inadequate notice, where a motion for appointment of counsel is pending, where the court has caused the plaintiff to believe that she had done everything she is required to do, and when affirmative misconduct by the defendant lulled the plaintiff into inaction. *Hampton v. Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003). None of those circumstances are applicable here. Even if Mr. Ransdell did not have actual notice of the time restraint, his participation in the training session, the notice to his attorney, and the existence of posters at both the Lawrenceburg and Salvisa Post Offices provide ample constructive notice of the time restraint. Further, Ransdell clearly knew of the discriminatory act right away, and there is simply no sufficient proof that, despite his due diligence, he was prevented by circumstances beyond his control from timely contacting the EEO counselor. 29 C.F.R. § 1614.105(a)(2). Mr. Ransdell has not met the burden to amend or alter this judgment under Rule 59 or to reconsider this opinion under Rule 60. Accordingly, and the Court being sufficiently advised, Mr. Ransdell's Motion to Alter, Amend, Vacate, or Otherwise Grant Relief is hereby **DENIED**.

This the 12th day of December, 2017.

Gregory F. Van Tatenhove
United States District Judge